UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | } | |
| Plaintiff, | } } } | |
| v. | } } | Case No.: 2:16-cv-00486-RDP |
| ROY G. HEILBRON, | } } } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Summary Judgment. (Doc. # 14). The court advised Defendant, who is appearing *pro se*, of the summary judgment rules and procedures of this court. (Doc. # 17). Defendant requested additional time to retain counsel and respond to the motion. (Doc. # 20). The court granted Defendant's request and stayed the case for 30 days so that Defendant could hire an attorney. (Doc. # 19). Defendant has not notified the court whether he retained counsel, nor has Defendant substantively responded to Plaintiff's summary judgment motion. On April 5, 2017, the court lifted the stay in this action and directed Defendant to respond to the summary judgment motion by April 25, 2017. (Doc. # 22). Because Defendant has not filed a response to the summary judgment motion, the motion is now under submission. For the reasons outlined below, Plaintiff's motion (Doc. # 14) is due to be granted.

I. **Statement of Facts**[1]

Plaintiff, a bank, issued a business loan with a principal of $228,622.74 to Defendant, a medical doctor, on April 28, 2015. (Doc. # 16 at 5). Defendant signed a Promissory Note to Plaintiff on that date. (*Id.* at 8-12). Plaintiff and Defendant also entered into a "Business Loan Agreement" on that date. (*Id.* at 5, 14-19). Defendant agreed to pay the principal and interest on the loan. (*Id.* at 5). Also, Defendant consented to pay Plaintiff costs and expenses incurred in collecting any amount he owed to Plaintiff pursuant to the loan agreement, "including reasonable attorneys' fees." (*Id.* at 5, 10, 18). The Business Loan Agreement provided that Defendant would enter default if he failed to make any payment at the time it was due. (*Id.* at 16). Once Defendant entered into default for a failure to pay, Plaintiff had the option to demand immediate payment of all indebtedness. (*Id.*). As part of the Promissory Note, Defendant submitted to the jurisdiction of any state or federal court in Jefferson County, Alabama (*i.e.*, this court) for any dispute arising out of or relating to the Promissory Note. (*Id.* at 11).

Defendant defaulted on the business loan by failing to make payments when they were due. (*Id.* at 21). In October 2015 and November 2015, Defendant discussed alternative payment schedules with an assistant vice president for Plaintiff. (*See* Doc. # 20 at 1-5). Plaintiff's counsel sent Defendant a letter on January 27, 2016 and demanded full payment on or before February 8, 2016. (Doc. # 16 at 21). At that time, Defendant owed $228,622.34 in principal, $6,048.97 in interest, $62.50 in late fees, and $750.00 in attorneys' fees and costs. (*Id.*). Defendant has not paid the amount he owes to Plaintiff under the Promissory Note. (*Id.* at 6).

---

[1] The facts set out in this opinion are gleaned from Plaintiff's statement of undisputed facts, Defendant's response to Plaintiff's statement in his request for additional time, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Plaintiff has averred that $19,961.59 of interest accrued on the loan as of January 4, 2017 and that interest has accrued at a rate of $40.32 per day thereafter. (*Id.*).

Plaintiff filed suit in this court in March 2016. (Doc. # 1). Plaintiff alleged that this court possesses diversity jurisdiction over this suit because (a) Plaintiff and Defendant were citizens of different states and (b) the amount Defendant owed on the loan exceeded $75,000.00. (*Id.* at ¶¶ 1-3). Defendant answered the complaint and did not contest the court's personal jurisdiction or subject matter jurisdiction over the suit. (Doc. # 6). Defendant admitted that he was a citizen of Florida. (*Id.* at 1) (admitting the allegations in Paragraph 2 of the Complaint). The court is satisfied that Plaintiff has properly invoked the court's diversity jurisdiction.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere

3

allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). Here, Defendant has not responded to the substance of Plaintiff's summary judgment motion and has only contested one non-dispositive fact presented by Plaintiff. (*See* Doc. # 20). In such a circumstance, the court must review the materials submitted in support of the motion for summary judgment to determine whether summary judgment is warranted. *United States v. One Piece of Real Property Located at 5800 Sw. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). The court cannot grant a party summary judgment as a matter of default based solely on a non-movant's failure to oppose the motion for summary judgment. *Id.* at 1101 ("[S]ummary judgment, even when unopposed, can only be entered when appropriate." (internal quotation marks omitted)).

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

**III. Analysis**

Plaintiff seeks summary judgment on a breach of contract claim and an unjust enrichment claim. (*See* Doc. # 15 at 4-7). Plaintiff also requests an award of reasonable attorneys' fees and costs, pursuant to the Promissory Note and the Business Loan Agreement. (*Id.* at 7-8). After careful review, and for the reasons explained below, the court concludes that Plaintiff is entitled

4

to summary judgment on its breach of contract claim. However, Plaintiff's unjust enrichment claim is foreclosed by its meritorious breach of contract claim because both claims are based on the same underlying facts and the same loan agreement. Finally, while Plaintiff is entitled to reasonable attorneys' fees and other costs of collection as damages in this suit, Plaintiff has not provided sufficient evidence for the court to determine whether the requested amount of attorneys' fees and expenses is reasonable.

      **A.     Plaintiff is Due to be Granted Summary Judgment for Breach of Contract**

To show a breach of contract under Alabama law, a plaintiff must show that (1) a valid contract bound the parties, (2) the plaintiff performed under the contract, (3) the defendant failed to perform under the contract, and (4) the plaintiff suffered damages as a result of the non-performance. *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). "A promissory note is a form of contract; therefore, it must be construed under general contract principles." *Merchants Bank v. Head*, 161 So. 3d 1151, 1154 (Ala. 2014) (quoting *Bockman v. WCH, L.L.C.*, 943 So. 2d 789, 795 (Ala. 2006)).

"The appearance of the defendant's name on the face of the note is *prima facie* evidence that he or she is the maker of the note." *Wells Fargo Bank, N.A. v. Vergos*, 2012 WL 206169, at *2 (S.D. Ala. Jan. 24, 2012) (citing *Culwell v. Edmondson*, 129 So. 276, 278 (Ala. 1930)). *See also Spencer v. Blanke Mfg. & Supply Co.*, 124 So. 904, 904 (Ala. 1929) (stating that the signature of a defendant's treasurer on a note is *prima facie* evidence of liability). "Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover on a note." *Vergos*, 2012 WL 206169, at *2.

5

Plaintiff's undisputed evidence in this action establishes that: (1) Plaintiff performed its obligation under the Promissory Note and Business Loan Agreement by loaning Defendant the principal; (2) Defendant defaulted on the loan by failing to timely make required payments to Plaintiff; (3) Plaintiff demanded full repayment of Defendant's indebtedness following his entry into default; (4) Defendant failed to pay the full amount he owed to Plaintiff; and (5) Plaintiff has suffered damages from Defendant's non-payment. Therefore, Plaintiff is entitled to summary judgment on its breach of contract claim and is due to be granted an award of damages including the outstanding principal, accrued and accruing interest, late fees, and costs incurred by Plaintiff in recovering the amount owed, including reasonable attorneys' fees.

### B. Plaintiff's Unjust Enrichment Claim is Foreclosed by the Breach of Contract Claim

With regard to Plaintiff's unjust enrichment claim, the Alabama Supreme Court recently recognized that an unjust enrichment claim and a breach of contract claim are mutually exclusive if both are based on the same facts and the same contract. *Blackmon v. Renasant Bank*, 2017 WL 1033667, at *3 n. 4 (Ala. Mar. 17, 2017). Plaintiff's breach of contract and unjust enrichment claims are based on the same facts (*see* Doc. # 15 at 4-7), and the court finds that the parties entered into a valid and enforceable contract, under which Plaintiff has presented a meritorious breach of contract claim. Therefore, because "unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law," Plaintiff is not entitled to relief on its unjust enrichment claim. *Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) (quoted by the Alabama Supreme Court in *Blackmon*, 2017 WL 1033667, at *3 n. 4).

### C. The Court Lacks Sufficient Evidence to Determine Reasonable Attorneys' Fees and Costs

Along with other damages, Plaintiff requests $8,677.10 in attorneys' fees and $1,049.55 in expenses. (Doc. # 15 at 9). To support this request, Plaintiff has submitted an affidavit from one of its retained attorneys at Burr & Forman, LLP. (Doc. # 16 at 24-26). The affidavit describes the services Burr & Forman have provided to Plaintiff in attempting to collect the debt, the fees incurred by Plaintiff, the number of hours worked by employees of Burr & Forman, the expenses incurred by the firm charged to Plaintiff, and an opinion statement by Plaintiff's counsel that the fees and expenses are reasonable. (*Id.* at 25-26).

On their face, the loan documents obligate Defendant to pay Plaintiff's reasonable attorneys' fees and other costs incurred in attempting the collect the amounts due under the loan. (Doc. # 16 at 10, 18). Alabama law allows a party to recover attorneys' fees as damages if such fees are provided for by statute, contract, or special equity. *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009). Having said that, the contract at issue explicitly limits such recovery to a reasonable attorneys' fee. Alabama courts apply twelve criteria when analyzing the reasonableness of an attorneys' fee:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988).

Plaintiff's submitted affidavit is insufficient to support the reasonableness of its request for attorneys' fees and costs in the amount of $9,726.65. Plaintiff's affidavit provides no

indication of how many hours were worked by attorneys or paralegals or the hourly rate charged by each of Burr & Forman's employees. Because the court finds that the present record alone does not support entry of an award of attorneys' fees and costs, the court will require Plaintiff to submit further evidence. Plaintiff shall submit evidence supporting its request for reasonable attorneys' fees and costs, including: counsels' and paralegals' hourly rate(s) in the case, the number of hours billed in the case by each Burr & Forman employee, a description of work completed, and a description of costs charged. Only material revealing privileged attorney-client or work product information may be redacted. All other information must be presented on the record, not under seal.

**IV. Conclusion**

For the reasons explained above, Plaintiff is due to be granted summary judgment on its breach of contract claim. Plaintiff's unjust enrichment claim is due to be dismissed because the relief requested for that claim is foreclosed by the enforceable contract between Plaintiff and Defendant. The court will award Plaintiff the amount due and owing under the loan as of May 1, 2017, along with post-judgment interest. The court will require Plaintiff to submit additional evidence to support its reasonable attorneys' fees and costs.

**DONE** and **ORDERED** this May 1, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE